Tracy Ray Gibson #1436824
Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705-7635

48,962-07

May 17th, 2015

Re: Petitioners
motion for Writ of Mandamus

Dear Clerk of Court,

Enclosed is my Pro se Petitioners' motion for writ of Mandamus, seeking relief from a conviction in the 145th Superior Judicial Court, who has been delivered a true and exact copy by U.S.P.S.

Please review and process it for a decision to either grant / deny an order in response to my motion. Thank you in advance for your compliance and consideration!

Sincerely,
Tracy Ray
Nelson
Tracy Ray
Gibson

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 19 2015
Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 20 2015
Abel Acosta, Clerk

Cause No: 12-12-00403-CR
trial court No: F14262-2007

# In the Criminal Court of Appeals
## of Austin Texas

| | | |
|---|---|---|
| In re Tracy Ray Gibson #1436824 (Pro se Petitioner) | § | 145th Superior Judicial District, Nacogdoches County, state of Texas |
| -V- | § | |
| State of Texas (Respondent) | § | |
| | § | |
| | § | |
| | § | |

## Petitioners Motion for Writ of Mandamus

TO THE HONORABLE JUDGE(S):

Comes Now, Tracy Ray Gibson # 1436824; an incarcerated offender at; Stiles Unit; 3060 FM 3514; Beaumont, Tx. 77705-7635. Petitioner, claims cause of action to be ministerial in nature and has no other remedies available to him.

Petitioner, seeks prayer and relief from his trial courts filing of a nunc pro tunc order on 10-15-07. Mr. Gibson, was not informed or notified of the proceedings; nor was his court appointed attorney, Mr. Gene Caldwell; nor was Texas Department of Criminal Justice-Records Division;

(1)

until 5 years after the fact in December, 2012 while on the McConnell Unit in Beeville, Tx., at which point in time his inmate files/records was changed [see inmates file - "Time-Slips"]. Petitioner, has no other available remedies; 1) §11.07 because of laches being attached and; 2) §2254 is time barred.

## RESPONDENTS

Judge Campbell Cox II, 145th Superior Judicial Court 101 w. Main St. room 220, Nacogdoches, Tx 75961.

Mr. Rick Thaler - TDCJ - Director

## FACTS OF CASE

Petitioner, Mr. Gibson, signed a plea bargain 5-2-07, in his trial court for the recommendation and assessment of punishment for Aggravated Robbery; and to serve 20 years confinement in TDCJ - for a first degree felony. Mr. Gibson, has been in the custody of the state of Texas ever since March 3rd, 2007. He was entered into TDCJ in June, 2007. At which time he began his independent legal research. Without notification the trial court neglected to inform petitioner; or his attorney; of the

(2)

Nunc Pro tunc proceeding on 10-15-07. TDCJ-Records wasn't contacted until 5 years after the fact in December 2012 I see inmate files - "Time-slips I. Mr. Gibson, only had entire reliance on the United States Postal Services to communicate with his trial court. He was not accosted with all the complete and necessary documents as per written requests. The trial court furnished said documents at a much later deadline not permitting him to file his administrative available remedies; Promptly.

Also, Mr. Gibson, has been limited and restricted to legal research while in High Security/Administrative Segregation.

It was upon, Mr. Gibsons', first filing of his application writ of habeas corpus §11.07, his trial court discovered his indictment omitted an affirmative deadly weapon finding. The trial court then filed a Nunc Pro tunc motion changing his criminal charges and not changing his range of punishment. This caused his indictment and Nunc Pro tunc motion to be voidable. Which the trial court did not have jurisdictional authority to do so.

## ALLEGATIONS

1) trial court is in error using a defective indictment

(3)

seeking a conviction that omitted the most essential element to the statute provision of VTCA Penal Code §29.03. the omission is a judicial decision and not a clerical error;

2) trial court is in error using a nunc Pro tunc order to correct a Judicial error;

3) trial court is in error for conducting the Nunc Pro tunc Proceeding outside of his presence and without the representation of counsel,

4) court appointed attorney is in error for prematurely filing anders brief to be withdrawn from his case.

5) trial court is in error for orally pronouncing into the minutes of the court his criminal charge is under the provision of art.§42.12 3(5) and he is to serve no less than 50% of his sentence.

6) trial court was given adequate opportunity to rectify the legal remedy in accordance to Texas Criminal Code and Procedure (T.C.C.P. §12.01) statute of limitations indictments may be presented within this limit and not afterward (4) five years from the date of the commission of the offense; A) theft/robbery. Therefore, the trial court has no jurisdiction to reindict petitioner for failure to exercise it's authority

### FACTS AND CONCLUSION OF LAW

The 145th superior Judicial court omitted in the descriptive

(4)

Paragraph of the indictment the "use" or "exhibition" of a deadly weapon, makes the indictment voidable and defective. It only conforms to the statute provision of VTCA Penal Code Robbery, in the 2nd degree.

"... did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury ..."

The trial court discovered this defectiveness upon Petitioners' filing of his first §11.07 application for habeas corpus on August 1st, 2007. The trial court filed a nunc pro tunc order 10-15-07 outside his and his court appointed attorneys' presence, Shaw v. State 539 S.W. 2d 887, 890; Hurley v. State, 606 S.W. 2d 887, 888; Cf. Homan v. Hughes, 708 S.W. 2d 448. The original judgement was a judicial decision and not a clerical error; Johnson v. State, 233 S.W. 3d 420. Petitioner, does not argue that an affirmative deadly weapon finding was added to his sentence but that the trial court required judicial reasoning and determination to change his criminal charge from Agg. Robb. to Robbery without changing his range of punishment as to the degree of the offense from 5-99 §12.32 VTCA Penal Code and 2-20 years VTCA Penal Code § 12.33 which is the rendering of judgement to asses the punishment at the sentencing hearing.

(5).

# Conclusion

The trial court had no jurisdictional authority to use a voidable indictment to convict, Mr. Gibson, or to allow him to accept a plea bargain voluntarily by omitting an affirmative deadly weapon and the trial court had no jurisdiction to file a nunc pro tunc motion to correct a judicial error. Mr. Gibson, was not afforded the benefits of a plea bargain if he is given the maximum years to serve in confinement of TDCJ for 20 years.

# Prayer and Relief

Petitioner, seeks the prayer and relief; this court deems necessary to reverse and remand his sentence conviction back to the original trial court for a resentencing hearing and to vacate and dismiss his sentence because the statute of limitations has expired to be reindicted TCCP §12.01.

# Certificate of Service

A true and exact copy of this motion for writ of mandamus; by use of the United States Postal Services; has been delivered to the 145th Superior Judicial Court, 101 W. Main St. Room 220, Nacogdoches, Tx. 75961 and to the Criminal Court of Appeals, 201 W. 14th St., P.O. Box

(6)

12308 Capital station, Austin, Tx. 78701.

Executed and respectfully submitted by me on this _____ day of May, 2015.

_Tracy Ray Gibson_

Tracy Ray Gibson